UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| USNR, LLC,<br><br>                      Plaintiff,<br>   v.<br><br>HARTFORD ACCIDENT & INDEMNITY COMPANY; EMPLOYERS INSURANCE COMPANY OF WAUSAU,<br><br>                      Defendants. | CASE NO. 3:16-cv-05879<br><br>ORDER ON DEFENDANT EMPLOYERS INSURANCE COMPANY OF WAUSAU'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT |

THIS MATTER comes before the Court on Defendant Employers Insurance Company of Wausau's Motion to Dismiss Complaint for Declaratory Judgment. Dkt. 21. The Court has considered the motion, Plaintiff USNR, LLC's Response, Defendant Wausau's Reply, and the remainder of the file herein. Dkts. 24, 25.

## BACKGROUND

Defendant Wausau seeks dismissal without prejudice on two grounds. First, Defendant Wausau seeks dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5), on the basis that Plaintiff USNR did not serve the Summons and Complaint on Defendant Wausau within 90 days of filing, as required by Fed. R. Civ. P. 4(m). Instead, Defendant Wausau opines,

Plaintiff USNR first attempted service of process on January 18, 2017, a date 96 days after filing. Because Plaintiff USNR attempted service of process through the Washington Office of the Insurance Commissioner (WOIC), which further delayed the process, Defendant Wausau was not served any pleadings until March 20, 2017. Dkt. 21 at 7-10. Since the filing of Defendant Wausau's motion, Plaintiff USNR has apparently served on Defendant Wausau an amended complaint. Defendant Wausau objects to the timeliness of the service and says that the service makes it unclear when responsive pleadings are due. Dkt. 25 at 3.

Second, Defendant Wausau seeks dismissal for insufficient process under Fed. R. Civ. P. 12(b)(4) on the basis that the Summons does not adhere to two requirements of Fed. R. Civ. P. 4(a): (1) the Summons is directed to a person, "Susan E. Stead, agent for Employers of Insurance of Wausau," rather than "directed to the defendant"; and (2) the Summons contains a blank space where it should contain the name and address of Plaintiff USNR's attorney. Dkt. 21 at 10-14.

Besides seeking dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5) and insufficient process under Fed. R. Civ. P. 12(b)(4), the motion also invokes Fed. R. Civ. P. 12(b)(2) under the theory that this Court would lack personal jurisdiction over defendants who have not been personally served. Dkt. 25 at FN 4. *See* Dkt. 21 at 1.

Plaintiff USNR concedes that it "lacks a legally recognized excuse for its neglect" in timely serving Defendant Wausau, but nonetheless seeks more time to complete service of process. Dkt. 24 at 2. Regarding the Fed. R. Civ. P. 4(a) errors identified with the Summons, Plaintiff USNR acknowledges the errors, but requests that the Court quash the pleadings, rather than dismiss them.

## DISCUSSION

**a. Insufficient service of process under Fed. R. Civ. P. 12(b)(5): untimeliness under Fed. R. Civ. P. 4(m).**

Fed. R. Civ. P. 12(b)(5) allows defendants to seek dismissal for insufficient service of process. Service of process may be insufficient where it is untimely. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant <u>or order that service be made within a specified time</u>. But if the plaintiff shows good cause for the failure, the court must extend the time for service[.]"

*Id*. (emphasis added).

"Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* [the] 120[1]-day period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The rule permits an extension "even in the absence of good cause," because the 90 days for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007), quoting *Henderson v. United States*, 517 U.S. 654, 661 (1996) (internal quotations omitted). In exercising their discretion, courts may consider factors, such as the prejudice to the defendant, actual notice of the lawsuit, and length or reason for delay. *Id*. 473 F.3d at 1041. *See also*, *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("We find it unnecessary . . . to articulate a specific test that a court must apply").

Because neither one of Plaintiff USNR's attempts at service of process fell within the 90 days prescribed by Fed. R. Civ. P. 4(m), the issue before the Court is the appropriate remedy for the insufficient service of process. Defendant Wausau acknowledges that it has actual notice of the lawsuit. Defendant has not made a strong showing that extending the time for service, rather

---

[1] As reflected in the recitation of Rule 4(m), *see supra*, the presumptive time allowed has changed from 120 days to 90 days. *See* Fed. R. Civ. P. 4, 2015 amendment to subdivision (m).

ORDER ON DEFENDANT EMPLOYERS INSURANCE COMPANY OF WAUSAU'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT - 3

than dismissing the case without prejudice, would cause prejudice, other than to point to (1) the costs associated with the filing of this motion and (2) the lack of clarity about its responsive pleadings due date. However, there are also costs associated with re-filing the case, and the responsive pleadings due date can easily be clarified by fixing the answer deadline to a date certain. Plaintiff USNR has not provided a legally justifiable excuse for the delay, but importantly, it has not attempted to manufacture one, and except for 6 days, the delay in service of process was due to the inaction of the Washington Office of the Insurance Commissioner. On these facts, extending the time for service of process, rather than dismissing the case, is the proper remedy.

Therefore, the Court should exercise its discretion and extend the time for service of process. Plaintiff UNSR should be given until May 22, 2017 to complete service of process. As to Defendant Wausau, all prior attempts at service of process should be quashed. Unless Defendant Wausau waives service of process, Defendant Wausau's responsive pleadings should be served within 21 days of receipt of service of process. *See* Fed. R. Civ. P. 12(a)(1).

**b. Insufficient process under Fed. R. Civ. P. 12(b)(4): failure to observe summons requirements of Fed. R. Civ. P. 4(a).**

Fed. R. Civ. P. 12(b)(4) allows defendants to move to dismiss for insufficient process. Challenging the sufficiency of process "is proper only to challenge noncompliance with . . . any applicable provision . . . that deals specifically with the content of the summons." 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.). The content requirements for a summons is enumerated in Fed. R. Civ. P. 4(a). The summons must include, *inter alia*, the name and address of the plaintiff's attorney, and the summons must "be directed to the defendant." Fed. R. Civ. P. 4(a). However, "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994).

Plaintiff USNR acknowledges the defects in the summons identified by Defendant Wausau, so the sole issue is how to remedy the Fed. R. Civ. P. 4(a) violations. The defects Defendant Wausau points to—naming its agent (rather than Wausau) and leaving a blank space where the plaintiff's attorney should have been listed—could theoretically prejudice a defendant, but Defendant Wausau has not made a showing of prejudice in this case. Further, Plaintiff USNR is aware of the defects, and in fact, seeks the chance to remedy them. Dismissal without prejudice is not warranted. Quashing the Summons, which does not comply with Fed. R. Civ. P. 4(a), is appropriate, because Plaintiff USNR will be re-serving the Complaint, *see above*, and the errors can be fixed at that time.

The Summons served on Defendant Wausau should be quashed, but the case should not be dismissed. The Court should exercise its discretion and extend the time for Plaintiff USNR to serve the Summons and Complaint on Defendant Wausau until May 22, 2017.

\* \*

Because the Amended Complaint was filed within 21 days of the filing of Defendant Wausau's Fed. R. Civ. P. 12(b) motion, the Amended Complaint (Dkt. 23) is presumably the operative Complaint. Dkt. 23. *See* Fed. R. Civ. P. 15(a)(1).

\* \* \*

THEREFORE, Defendant Employers Insurance of Wausau's Motion to Dismiss Complaint for Declaratory Judgment (Dkt. 21) is GRANTED IN PART and DENIED IN PART, as follows:

(1) The request to dismiss is denied without prejudice.

(2) The request to quash the service of process of the Summons and Complaint is granted as to Defendant Wausau.

(3) Plaintiff USNR shall complete service of process of the Summons and Complaint on Defendant Wausau on or before May 22, 2017.

(4) Unless Defendant Wausau waives service of process, Defendant Wausau's responsive pleadings must be served on Plaintiff USNR within 21 days of receipt of service of process.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

The Clerk is also directed to post an updated Minute Order Regarding Initial Disclosures and Joint Status Report showing new deadlines. *See* Dkt. 4.

Dated this 9th day of May, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge