UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| USNR,<br><br>                    Plaintiff,<br><br>   v.<br><br>HARTFORD ACCIDENT & INDEMNITY COMPANY and EMPLOYERS INSURANCE OF WAUSAU,<br><br>                    Defendants. | CASE NO. 3:16-cv-05879-RJB<br><br>ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT |

THIS MATTER comes before the Court on Defendant Employers Insurance of Wausau's Motion to Dismiss Amended Complaint. Dkt. 31. The Court has considered the amended complaint ("Complaint"), USNR's Response, Wausau's Reply, and the remainder of the file herein. Dkts. 23, 33, 35.

I.   THE COMPLAINT

The parties have opposing views about the legal sufficiency of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The parties agree that the Complaint seeks declaratory relief

ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT - 1

under the Declaratory Judgment Act, 28 U.S.C. § 2201, Dkt. 23 at ¶¶6, 7, but the parties disagree about whether the Complaint alleges an actual, cognizable case or controversy and whether the Court should exercise its discretion to extend jurisdiction pursuant to *Brillhart* and *Drizol*.

The Complaint begins with Section I, "Nature of the Case," which introduces the case as follows:

1. USNR . . . brings this action for declaratory relief against . . . [the Hartford] and [Wausau] and breach of contract against the Hartford[1].

2. USNR asks the Court to find that: (1) Washington or Oregon law governs the interpretation of the insurance policies at issue and (2) that the Hartford has breached its contractual duty to defend USNR by refusing to defend USNR under certain policies identified below.

Dkt. 23 at ¶¶1, 2. In Section II, the Complaint introduces the parties, and in Section III, the Complaint states the venue and basis for jurisdiction, diversity jurisdiction. *Id*. at ¶¶3-7.

Section VI, General Allegations, alleges facts pertaining to the Underlying Lawsuit. The Underlying Lawsuit was filed on November 15, 2016 in Texas and named USNR as a defendant. The lawsuit involves USNR's liability for industrial contamination to a business property in San Antonio, Texas, where USNR's corporate predecessor owned an air conditioning manufacturing business reliant on chlorinated solvents. USNR or its predecessor owned the property from approximately 1971 to 2008. The Underlying Lawsuit alleges damages over $4 million. Dkt. 23 at ¶¶8-16.

Section IV, General Allegations, also alleges facts particular to insurance policies of Wausau and the Hartford. Dkt. 23 at ¶¶17-43. USNR tendered the Underlying Lawsuit to Wausau on March 30, 2017, and USNR conditionally accepted coverage to defend USNR on April 4, 2017. *Id*. at ¶¶37, 38. According to the Complaint, although Wausau agreed to defend

---

[1] The breach of contract claim names only the Hartford, not Wausau, and is not the subject of this Order.

ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT - 2

USNR, Wausau reserved the right to recover defense costs "in the event of a judicial determination" that Wausau was not obligated to provide a defense, and Wausau cited exclusions of its duty to defend, including a "pollution exclusion." *Id*. at ¶¶40-42. The parties have agreed that, beyond the Complaint itself, the Court may consider Wausau's reservation letter.

Section V, Causes of Action, enumerates two causes of action. The First Cause of Action, alleged against both defendants, is entitled, "Declaratory Judgment: Washington or Oregon law applies in the interpretation of the Hartford Policies and the Wausau Policy." Dkt. 23 at 7. The Second Cause of Action, alleged against the Hartford only, is entitled, "Breach of Contract: Refusal to Defend Under pre-1981 policies." *Id*. at 8.

As to Wausau, the First Cause of Action alleges the following, in sequence:

- USNR is entitled to coverage and a defense "including reimbursement of all costs for work performed in USNR's defense . . . including costs incurred before the date of USNR's tender";

- Wausau conditioned its acceptance of its duty to defend on reservations, including the right to recover defense costs in the event of a judicial determination;

- the Wausau policy cites the "pollution exclusion" as a potential basis for denying coverage;

- Wausau's "reservation[] of rights threaten[s] to limit the extent of coverage available to USNR";

- Unlike Texas law, under Washington or Oregon law, the Wausau policy provisions "will not limit the scope and extent" of Wausau's obligations to defend and indemnify USNR.

Dkt. 23 at ¶¶44-54. The First Cause of Action concludes with two paragraphs:

> 55. By reason of the foregoing, an actual and justiciable controversy exists between USNR and the Hartford and Wausau regarding the appropriate law to apply to the interpretation of the insurance policies at issue.
>
> 56. USNR therefore seeks a declaratory judgment that Oregon or Washington law applies to the interpretation of . . . the Wausau policy.

ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT - 3

*Id*. at ¶¶55, 56.

The final section of the Complaint, Section VI, Request for Relief, seeks (1) a declaration that Oregon or Washington law applies, (2) a declaration that the defendants are liable for all costs for work performed in USNR's defense, (3) a declaration that USNR is not obligated to reimburse the defendants for costs or expenses; (4) judgment against the Hartford for breach of contract; and (5) attorney's fees. Dkt. 23 at 9.

Wausau brings its motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). Wausau makes several overlapping arguments, but in summary argues: (1) the Complaint fails for lack of subject matter jurisdiction because there is no case or controversy, where USNR lacks standing and there is no ripe dispute; (2) the Court should exercise its discretion and decline to extend jurisdiction to this case; and (3) the Complaint fails to state a claim because it does not allege a substantive cause of action. Dkt. 31.

## II.    DISCUSSION

A lawsuit seeking relief under the Declaratory Judgment Act must first present an actual case or controversy within the meaning of Article III, Section 2 of the United States Constitution. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998), citing to *Aetna Life Ins. Co. of Hartford v. Haworth,* 300 U.S. 227, 239–40 (1937). *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (DJA case or controversy requirement is same as Article III requirement). The lawsuit must also fulfill statutory jurisdictional prerequisites. *Id*., citing to *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 672 (1950). If the lawsuit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate, which is a discretionary determination. The Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Id*., quoting *Public*

*Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (internal quotations omitted). The Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Id.*, quoting *Public Affairs Associates v. Rickover,* 369 U.S. 111, 112 (1962) (internal quotations omitted).

**1. Article III concerns**

The first issue is whether the Complaint is constitutionally sufficient under Article III, Section 2. Article III limits the judicial power of the United States to actual cases or controversies. *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). The closely-related doctrines of standing and ripeness arise out of the Article III case or controversy requirement and are intended to "prevent courts from becoming enmeshed in abstract questions which have not concretely affected the parties." *Pacific Legal Foundation v. State Energy Resources,* 659 F.2d 903, 915 (9th Cir.1981). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).

Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication. *Chandler*, 598 F.3d at 1122, citing Erwin Chemerinsky, *Federal Jurisdiction* § 2.3.1, at 57 (5th ed.2007). To demonstrate constitutional standing, the plaintiff must prove (1) that he or she suffered an injury in fact; (2) the existence of a causal connection specifically traceable to the unconstitutional conduct of defendants; and (3) the likelihood that a favorable outcome will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur. *Chandler*, 598 F.3d at 1122, citing Chemerinsky, *supra,* § 2.4.1, at 117.

"[T]he question of ripeness turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n,* 461 U.S. 190, 201 (1983) (internal quotation marks omitted) "The 'central concern . . . is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. at 1123, quoting *Richardson v. City and County of Honolulu,* 124 F.3d 1150, 1160 (9th Cir.1997).

According to Wausau, there is no case or controversy because USNR lacks standing to bring the action, and the matter is not ripe. USNR cannot establish standing, Wausau argues, because (1) seeking a declaration about choice of law, e.g., Washington or Oregon, is not an 'actual dispute,' but rather is a legal issue resolved with relation to a substantive claim, which USNR has not alleged; and (2) the Complaint alleges only a conjectural, hypothetical injury, where Wausau has agreed to defend USNR and Wausau has no obligation to indemnify because the Underlying Lawsuit is still pending. Dkt. 31 at 15, 16. Dkt. 35 at 9, 10. Regarding ripeness, Wausau argues that "while USNR may perceive a choice-of-law declaration as useful, there is no sufficiently immediate and real dispute between Wausau and USNR." *Id*. at 18 (internal quotations omitted). Further, Wausau argues, depending on the type of liability for USNR in the Underlying Lawsuit, there may not even be any difference between Texas and Oregon or Washington law, which underlines the speculative nature of the Complaint. Dkt. 35 at 9, FN9.

In response to Wausau's Article III challenges, USNR makes two primary arguments: (1) a dispute between an insurer and its insureds about the scope of duties imposed by an insurance contract satisfies Article III's case and controversy requirement, and the scope of coverage in the Wausau policy is the central issue in the Complaint; and (2) a declaratory judgment action clarifying the scope of a duty to defend and indemnify is sufficiently ripe even when an

underlying action remains pending and when raised by either an insurer or the insured. Dkt. 33 at 4, 5.

USNR concedes that the Complaint is "inartful," "awkward," and "nominally styled as a claim for a declaratory judgment regarding the choice of law." Dkt. 33 at 6. Were the Complaint actually "styled" as what USNR now purports to be its purpose, *see* Dkt. 33 at 3, Wausau's motion would more easily be resolved in favor of USNR. USNR inexplicably did not seek leave to amend in its Response. The Complaint is what it is, and the Court must resolve the motion on the record presented.

As an initial matter, the Complaint should be construed as a whole. As to Wausau, the Introduction, Section I, only requests a finding that Washington or Oregon law governs, and the First Cause of Action "seeks a declaratory judgment that Oregon or Washington law applies." Dkt. 23 at ¶¶2, 56. However, these requests should be viewed through the lens of the Complaint in its entirety. The Complaint points to the conditional nature of Wausau's acceptance of USNR's tender, Dkt. 23 at ¶¶38-43, 50-52, including the "pollution exclusion," and alleges that "USNR is entitled to coverage and a defense. . . including reimbursement of all costs for work performed[.]" *Id*. at ¶45. In other words, the Complaint seeks a coverage determination, which includes (and may ultimately center on) a legal finding about choice of law. While persuasive authority suggests that choice of law may not be an independent basis for a substantive claim, *see*, e.g., *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 6629567, at *9 (D. Haw. Dec. 18, 2012), the fact that the Complaint requests a legal determination, in light of other substantive requests, when viewing the Complaint as a whole, is not fatal.

Turning to the standing and ripeness issues raised, the Court agrees with USNR that *Dizol* is instructive. In *Dizol*, the Ninth Circuit commented that it has "consistently held that a

dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Dizol*, 133 F.3d 1223, FN2, citing to *American Nat'l Fire Ins. v. Hungerford,* 53 F.3d 1012, 1015–16 (9th Cir.1995); *American States Ins. Co. v. Kearns,* 15 F.3d 142, 144 (9th Cir.1994). In reaching that conclusion, relegated to a footnote, the Ninth Circuit discussed what it viewed as a non-issue:

> The dissent argues we do not possess subject matter jurisdiction because GEICO lacks standing for failure to prove an actionable injury. The panel did not address this jurisdictional concern, and properly so. A litigant's standing is normally evaluated on the pleadings. *Gladstone, Realtors v. Bellwood,* 441 U.S. 91, 109–16, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). . . [T]o have standing to proceed, GEICO only had to allege it was threatened with injury by virtue of being held to an invalid policy. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273–74, 61 S.Ct. 510, 512–13, 85 L.Ed. 826 (1941).

*Id*.

Applied here, this Court need not expel substantial energy to address the issue. Other courts seem unconcerned with parsing out distinctions between standing and ripeness, as raised by Wausau, and they find a case or controversy based on the request for a declaration seeking to resolve a duty to defend, which satisfies Article III. *See*, e.g., *Kearns*, 15 F.3d 142. Likewise, in this case, USNR seeks a declaratory judgment that the Wausau policy covers the Underlying Lawsuit. Seeking declaratory relief to establish whether there is a duty to defend and to indemnify satisfies the case or controversy requirement. The Complaint is sufficient under Article III.

**2. Statutory basis for subject matter jurisdiction**

The second issue, the statutory basis for jurisdiction, in this case, diversity jurisdiction, cannot be reasonably disputed. The Complaint alleges that USNR is a Delaware entity with a principal place of business in Washington, the Hartford is a corporation formed and based in Connecticut, and Wausau is a Wisconsin company based in Massachusetts. Dkt. 23 at ¶¶3-5. The

amount in controversy allegedly exceeds $75,000. *Id*. at ¶6. There is a sufficient factual basis for this Court's jurisdiction. *See* 28 U.S.C. §1332. The Court notes that alleging a case under the Declaratory Judgment Act provides a remedy, not an independent basis for federal question or other jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673 (1950).

### 3. Appropriate use of jurisdictional discretion

The third issue is the appropriateness of the Court exercising its discretion over this matter. Under the Declaratory Judgment Act, United States courts "<u>may</u> declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). A district court has the "unique and substantial discretion to decide whether to issue a declaratory judgment," *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995), but is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942). This is a separate inquiry from the Article III analysis. *See generally*, *Kearns*, 15 F.3d 142.

The Ninth Circuit Court of Appeals held that the factors outlined by the Supreme Court in *Brillhart* "remain the philosophic touchstone" in analyzing whether to entertain a declaratory action. Under *Brillhart*, district courts should: (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions in an attempt to forum shop; and (3) avoid duplicative litigation. *Dizol,* 133 F.3d at 1225 (citing *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371–73 (9th Cir.1991)). Beyond the *Brillhart* factors, which are not exhaustive, district courts may also consider:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties, and the availability and relative convenience of other remedies.

ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT - 9

*Dizol,* 133 F.3d at 1225 n. 5 (citation omitted). Courts must proceed cautiously, balancing concerns of judicial administration, comity, and fairness to the litigants. *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir.1991) (overruled on other grounds).

Applying the *Brillhart* factors, there is no showing that resolving coverage issues relating to the Wausau policy would result in a "needless determination" of state law issues, because there is a clear partition between this case and the Underlying Lawsuit. For the same reason, there is no showing of duplicative litigation. The fact that USNR has a principal place of business in Washington does not support a finding of forum shopping, but rather points to judicial economy and convenience. The *Brillhart* factors do no support dismissal or stay of this case.

Other factors also point to the conclusion that retaining jurisdiction is appropriate. Resolving coverage disputes with a single case, including the breach of contract claim against the Hartford, which allegedly denied coverage, serves a useful purpose by centralizing USNR's insurance disputes relating to the Underlying Lawsuit. No useful strategic advantage can be gained by rulings in this Court, which will strive to keep apprised of state court proceedings. Resolving coverage disputes in Washington is convenient to USNR, the plaintiff, and there is no showing that there are other, more convenient remedies available to the parties. Exercising discretion of jurisdiction over this matter is appropriate under *Brillhart* and *Drizol*.

In conclusion, the Complaint is sufficient for Article III purposes, raised under Fed. R. Civ. P. 12(b)(1). The Court has subject matter jurisdiction over this diversity matter, and exercising discretion is an appropriate use of this Court's jurisdiction.

**4. Failure to state a claim.**

ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT - 10

Based on the organization of Wausau's pleadings, it appears that Fed. R. Civ. P. 12(b)(6) is raised under the theory that because the Complaint seeks only a declaration about choice of law, the Complaint fails to state a cognizable claim. *See* Dkt. 31 at 1, 13-15. The Court has rejected this narrow interpretation of the pleadings, and the Complaint meets the Article III case and controversy requirement. *See above*. Dismissal for failure to state a claim is not warranted.

### III.   CONCLUSION

THEREFORE, Defendant Employers Insurance of Wausau's Motion to Dismiss Amended Complaint. (Dkt. 31) is HEREBY DENIED. The Court has jurisdiction and the Complaint states a claim for relief. *See* Fed. R. Civ. P. 12(b)(1) and (6).

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of July, 2017.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO DISMISS AMENDED COMPLAINT - 11